Seawell, J.
I think the Plaintiff is bound by the act of limitations, and therefore cannot recover.
An ejectment is a possessory action, and the lessor of the Plaintiff must have the right to enter for the purpose of making the lease. Whenever that right is destroyed, the ejectment, which is founded upon such supposed right, must fail; and when such action is brought, it is incumbent upon the Plaintiff to shew this right of entry. The act of 1715 limits this right of entry to seven years, and unless a Plaintiff can shew a possession of himself or those Under whom he claims, within seven years, that right becomes barred. There is no substantial difference between our act and that of yames except as to the length of time ; and Lord Mansfield, in Taylor v. Horde, reported in 1 Burr. 60, says, the Plaintiff in ejectment must fail without shewing such possession or Accounting for -want of it, under some of the exceptions contained in the statute of yames. Whatever may be the effect of bringing an action so as to prevent a descent from barring an entry, according to the rules of the common law ; it is very clear, that under the act 1715, one action cannot be used so as to prevent the operation of the act against a subsequent one, unless the subsequent action be brought within one year; and as to the second suit, there is no saving whatever.
It is not therefore necessary to enquire, whether the suit' of the ancestor failed under such circumstances as admit of a new suit being benefited by it, or whether or not, that section of the act relates to real actions, as this suit was not brought within one year. Mr. Justice Bullet, in his law of Ni. Pri. pa. 102, lays it down as estab *309 lished law, that the Plaintiff must show such possession, and also adds, that another suit within twenty years' will not be sufficient, and to this may be addecj the very res pectable opinion -of Mr. Williams, in his notes on Sawn» ⅛ , ders1 •: Reports.* wno seems partly to accord with doctrine, and Lord Holt, in the case of Ford v. Gray, reported in Salkeld, says, that an actual entry to avoid the act of limitations must be made, unless there be good reasons for not doing so.—As therefore a continual claim is nothing but an entry in law, and as a suit is but equal to a claim, according to this case, even if a suit ■were to be considered as a kind of entry, still it would not avail, unless there were special reasons for not making an actual entry. It seems never to have occurred to Mr, Justice Bidler, or Mr. Williams that by the bringing of the first suit, the Plaintiff became possessed in law ; and Mr. Williams, by way of caution, advises where the right of entry is nearly elapsed, that before the bringing the suit, the Plaintiff should make an actual entry, which, ip case of failure in the suit contemplated, will serve in another, though there the twenty years be expired, if the last suit shall, according to the statute of Anne, be brought within one year of the entry.
And this opinion obviously suggests another remark^ jn respect to tfie effect of the suit.r—If the bringing the ejectment is equal to a claim, and a claim equal to aq. entry, the bringing of this suit without any actual entry would have had the same effect upon the subsequent suit-As the whole of the proceedings of ejectment are ficti» tious, the confession by the Defendant of lease and entry only applies to a fictitious statement, and is therefore no evidence of such a lease and entry, but merely to try whether, when they are stated to have taken place, the lessor had power in law to make them.
The act therefore having commenced its operation ⅛ t|ie ljfe-time of the lessor pf the Plaintiff’s ancestor, will *310 continue to run without being controlled by subsequent disabilities ; and the suit brought by the ancestor, having no influence upon the present action ; and as more than seven years have elapsed since the time, the action or right of entry accrued to the ancestor; both he and his heirs stand barred by the act from entry or claim.
Hall, Daniel & Ruffin, J. concurred.

 1 vol. 319 & 3 Vol. 173 note 2.